UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RALPH CARL PULLIAM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| NORTHSIDE I.S.D., | § | |
| ERNEST GARCIA, | § | |
| DENNIS TRUJILLO, | § | |
| GRANTLEY BOXILL, | § | CIVIL ACTION NO. |
| RAFAEL SALAZAR, | § | |
| ANGIE GONZALES, | § | SA-06-CA-0034 FB (NN) |
| JOE CORTEZ, | § | |
| MAXINE LATHAM, | § | |
| BRIAN SCHWARTZ, | § | |
| GINA ELLIOTT, | § | |
| BRIAN WOODS, | § | |
| LEAH FLORES, | § | |
| RICK GARDNER, | § | |
| KAY CAVANAUGH, | § | |
| JIM MILLER, | § | |
| DR. JOHN FOLKS, | § | |
| ANNE McCORMICK, and | § | |
| MONTE EARWOOD, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Fred Biery
      United States District Judge

I. **Introduction**

The matter before the Court is the motion to dismiss brought by employer-defendant

Northside Independent School District ("NISD"), and employee-defendants Ernest Garcia, Dennis

Trujullio, Dr. John Folks, Grantley Boxill, Raphael Salazar, Angie Gonzales, Joe Cortez, Maxine

Latham, Brian Swartz, Gina Elliot, Brian Woods, Leah Flores, Rick Gardner, Kay Cavanaugh,

Jim Miller, and Anne McCormick (collectively, "employees") (Docket Entry 32).[1]   Through this

motion, defendants seek to dismiss all of plaintiff Ralph Carl Pulliam's claims.   Defendants assert

that plaintiff's complaint is subject to dismissal because he failed to file his Title VII retaliation

complaint within ninety-days (90) of receiving the Right-to-Sue letter from the Equal

Employment Opportunity Commission ("EEOC").   Having considered defendants' motion and all

the documents in the record, I recommend that defendants' motion to dismiss be **<u>GRANTED</u>** for

the reasons set forth below.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C.

§ 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for

disposition by order, or to aid in their disposition by recommendation where my authority as a

Magistrate Judge is statutorily constrained.[2]

## II. <u>Statement of the Case</u>

Plaintiff is a former employee of defendant NISD who worked in the transportation

department.   On November 12, 2003, plaintiff witnessed two substitute NISD bus drivers,

employee-defendants Garcia and Trujullio, subjecting four or five female bus drivers or assistants

to what plaintiff described as "sexually deviant conduct."   Plaintiff reported this conduct to his

---

[1] The motion is made on behalf of all defendants except Monte Earwood, the EEOC investigator, who has not been served with process.

[2] Docket Entry 8.

superiors.  Plaintiff maintains that after he reported the conduct, several employees began harassing him, and his supervisors unjustifiably reprimanded him.  According to plaintiff, his co-workers and supervisors created such a hostile work environment that he was forced to quit his job.

On May 17, 2004, plaintiff filed a complaint with the EEOC alleging discrimination based on retaliation.  The EEOC investigator was unable to substantiate plaintiff's allegations, failed to find corroborative witness testimony supportive of plaintiff's claims, and found that NISD's reprimands of plaintiff were justified.  The EEOC issued a Right-to-Sue letter dated September 30, 2005, which plaintiff received on October 6, 2005.

Plaintiff commenced his Title VII retaliation suit on January 10, 2006.[3]  In addition to his Title VII claim, plaintiff alleges that defendants committed numerous wrongful acts against him including battery, fraud, intentional infliction of emotional distress ("IIED"), and defamation. Plaintiff argues that the retaliatory actions of defendants created a hostile work environment and that NISD constructively terminated him.  Defendants filed their motion to dismiss on March 20, 2006.


### III. Issues Presented

1.  By failing to file his complaint within the 90-day period after receipt of the Right-to-Sue letter from the EEOC, is plaintiff's Title VII retaliation claim time-barred?

2.  If the Title VII retaliation claim is time-barred, should the Court exercise jurisdiction over the state law claims of battery, fraud, IIED, and defamation?

---

[3] Plaintiff submitted his complaint on January 10, 2006 along with his motion to file *in forma pauperis* ("*IFP*").  His complaint was filed on January 20, 2006 when his motion to file *IFP* was granted.

# IV. <u>Analysis</u>

## A. Dismissal Standard

The Federal Rules of Civil Procedure provide for the dismissal of a case where the complaint fails to state a claim upon which relief may be granted.  Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim be brought prior to filing an answer.  Under Rule 12(b)(6), a plaintiff's complaint may be dismissed for failure to state a claim upon which relief may be granted when, viewing the allegations in the plaintiff's complaint in the light most favorable to him and drawing all reasonable inferences in his favor, it appears certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[4]  Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity.[5]  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss under Rule 12(b)(6).[6]  In ruling on a motion to dismiss, a court should consider only those "facts stated in the complaint and the documents either attached to or incorporated into the complaint" by reference, along with matters of which judicial notice may be taken.[7]  If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is

---

[4] **Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.**, 677 F.2d 1045, 1050 (5th Cir. 1982).

[5] **Spivey v. Robertson**, 197 F.3d 772, 774 (5th Cir. 1999).

[6] **Fernandez-Montes v. Allied Pilots Assoc.**, 987 F.2d 278 (5th Cir. 1993).

[7] **Lovelace v. Software Spectrum, Inc.**, 78 F.3d 1015, 1017 (5th Cir. 1996).  **See also McNamara v. Bre-X Minerals Ltd.**, 57 F. Supp.2d 396, 417 n.12 (E.D. Tex. 1999) (quoting **Pension Ben. Guar. Corp. v. White Consol. Indus.**, 998 F.2d 1192, 1196 (3d Cir. 1993) holding that a court may consider authentic documents attached to a motion to dismiss).

justified in assuming the non-existence of those facts.[8]

**B. Plaintiff's Title VII claim.**

Defendants assert that dismissal under Rule 12(b)(6) is proper because plaintiff did not commence his suit until the 90-day period triggered by plaintiff's receipt of the EEOC's Right-to-Sue letter expired.  To bring a Title VII retaliation cause of action, a plaintiff must commence the action within 90 days of receiving the EEOC Right-to-Sue letter.[9]  This 90-day limit is strictly construed.[10]  Courts in the Fifth Circuit have consistently dismissed cases in which the plaintiff failed to commence suit within the 90-day period.[11]

In the instant case, plaintiff received his Right-to-Sue letter on October 6, 2005.[12] Therefore, the 90-day period in which to file suit expired on January 4, 2006.  Plaintiff commenced his suit on January 10, 2006, six days after the 90-day period expired.[13]  Accordingly, absent any mitigating circumstances, plaintiff is barred from pursuing his Title VII retaliation claim.

The period triggered by the EEOC Right-to-Sue letter, however, is subject to tolling and waiver.[14]  The Fifth Circuit has held that the 90-day period may be tolled if the plaintiff, through no

---

[8] **Ledesma v. Dillard Dep't Stores, Inc.**, 818 F. Supp. 983 (N.D. Tex. 1993).

[9] 29 C.F.R. 1604.28(e)(1); **Taylor v. Books a Million, Inc.**, 296 F.3d 376, 379 (5th Cir. 2002).

[10] **Taylor**, 296 F.3d at 379.

[11] **Id.**

[12] Docket Entry 5, ¶ 6a; docket entry 9, ¶ 6a.

[13] Plaintiff submitted his complaint on January 10, 2006 along with his motion to file *IFP*.  His complaint was filed on January 20, 2006 when his motion to file *IFP* was granted.

[14] **Hawkins v. Frank Gillman Pontiac**, 102 Fed. Appx. 394, 397 (5th Cir. 2004).

fault of his own, failed to receive the letter, or if some other equitable factor is present.[15] Additional circumstances in which equitable tolling of the 90-day period might be justified, even when a claimant received the EEOC Right-to-Sue letter, include the following: (1) where notice from the EEOC did not adequately inform plaintiff of the requirement that suit be commenced within the statutory period, (2) where a motion for appointment of counsel was pending, (3) where the court itself led plaintiff to believe that he has satisfied all statutory prerequisites to suit, and (4) where the defendant, through affirmative misconduct, lulled the plaintiff into inaction.[16]

In this case, plaintiff has not demonstrated that any condition which might authorize equitable tolling of the 90-day period is present. Plaintiff concedes that he received notice of his right-to-sue via the EEOC letter on October 6, 2005; thus, tolling based upon plaintiff failing to receive the letter or actual notice is inapplicable because plaintiff did receive the letter and actual notice.[17]

Furthermore, plaintiff has not argued that any of the other situations which might permit equitable tolling is present in this case. Notice from the EEOC adequately informed plaintiff of the requirement that suit be commenced within the statutory period; a motion for appointment of counsel was not pending; the Court itself did not lead plaintiff to believe that he had satisfied all statutory prerequisites to suit; and the defendant did not, through affirmative misconduct, lull the

---

[15] **Hawkins**, 102 Fed. Appx. at 397-8 (citing **Espinoza v. Mo. Pac. R.R. Co.**, 754 F.2d 1247, 1249 (5th Cir. 1985)).

[16] **Espinoza**, 754 F.2d at 1251 (citing **Baldwin County Welcome Ctr. v. Brown**, 466 U.S. 147, 151 (1984)).

[17] **See** Docket Entries 5 and 9 in which plaintiff admits receiving the EEOC Right-to-Sue letter. In his "motion to block" defendants' motion to dismiss (docket entry 18 and 45) which I have construed as responses to the motion to dismiss, plaintiff insists he timely filed his suit and explains he had no attorney representative (docket entry 18) and that he "battled the holidays as all attorneys booked solid" (docket entry 45).

plaintiff into inaction.  Plaintiff's only argument why tolling should be granted is that he believed he filed timely, and latitude should be given to him based on his status as a layman.  As sympathetic as the Court may be to plaintiff's plight, no legal basis exists in this case for tolling the statutorily imposed time limit to file suit.

In summary, plaintiff can prove no set of facts in support of his claim that would entitle him to relief because he presented his complaint outside the 90-day period.  Accordingly, I recommend that the District Court **GRANT** the motion to dismiss plaintiff's Title VII claim.

**C. Plaintiff's state law claims.**

Plaintiff's *pro se* complaint alleges state law claims of battery, fraud, IIED, and defamation. In any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.[18]  However, a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction.[19]  The general rule in the Fifth Circuit is to dismiss state claims when the federal claims to which they are pendant have been dismissed.[20]  When the federal law claims have "dropped out of the lawsuit in its early stages" and only state law claims remain, the federal court should decline to exercise jurisdiction by dismissing those remaining claims without

---

[18] 28 U.S.C. § 1367(a); **State Nat. Ins. Co. v. Yates**, 391 F.3d 577, 579 (5th Cir. 2004) (citing 28 U.S.C. § 1367(a)).

[19] 28 U.S.C. § 1367(c)(3); **Jinks v. Richland County**, 538 U.S. 456, 459 (2003) (citing 28 U.S.C. § 1367(c)(3)).

[20] **Parker & Parsley Petroleum Co. v. Dresser Indus.**, 972 F.2d 580, 5875 (5th Cir. 1992) (citing **Wong v. Stripling**, 881 F.2d 200, 204 (5th Cir. 1989)).

prejudice.[21]  Further, retaining jurisdiction of the state law claims after the federal claims have "dropped out of the lawsuit in its early stages" may be an abuse of the District Court's discretion.[22]

In this case, based on my recommendation that the sole federal claim, the Title VII retaliation claim, be dismissed, and noting that this litigation is in its early stages, I recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims of battery, fraud, IIED, and defamation, and that those claims be dismissed without prejudice.

## V. <u>Recommendation</u>

For the reasons stated above, I recommend that the District Court **<u>GRANT</u>** defendant's motion to dismiss plaintiff's Title VII claim of retaliation (docket entry 32).  I further recommend that the District Court dismiss plaintiff's state law claims without prejudice, and that all remaining motions on the docket be **<u>DENIED</u>** as moot.

## VI. <u>Instructions for Service and Notice of Right to Object/Appeal</u>

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless

---

[21] **<u>Carnegie-Mellon Univ. v. Cohill</u>**, 484 U.S. 343, 350 (1988).

[22] **<u>See Id.</u>** (Recognizing that usually when all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state law claims.)

this time period is modified by the District Court.[23]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[24]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

        **SIGNED** on July 14, 2006.


                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE

---

[23] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[24] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).